UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MEADOWS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DICKEY'S BARBECUE RESTAURANTS INC.,<br><br>    Defendant. | Case No.  15-cv-02139-JST<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO CONSOLIDATE ARBITRATIONS**<br><br>Re: ECF No. 40 |

Before the Court is Plaintiffs' Motion for Order to Consolidate Arbitrations. For the reasons set forth below, the Court will deny the motion.

**I.    BACKGROUND**

This case involves a dispute over whether Defendant Dickey's Barbecue Restaurants, Inc. ("Dickey's") made false and misleading representations to its franchisees. ECF No. 10. The Plaintiffs are all owners and former owners of Dickey's franchises in California. Id.

Dickey's previously moved to compel arbitration of each Plaintiff's claims on an individual basis based on an arbitration provision in the Franchise Agreement. ECF No. 19. Before granting the Defendant's motion to compel arbitration, this Court noted that "[t]here are two materially different versions of [the arbitration provision]: one in the Franchise Agreements signed by . . . the 'Toff Plaintiffs' . . . and another in the Franchise Agreements signed by . . . the 'Meadows Plaintiffs.'" ECF No. 35 at 2. As to the Meadows Plaintiffs, the Court found that the parties had clearly and unmistakably agreed to delegate all questions of arbitrability to the arbitrator. Id. at 6. Consequently, this Court "stay[ed] the litigation to permit the arbitrators[] to first [] arbitrate these 'gateway' issues, and then, if permissible, to arbitrate the substantive claims." Id. at 23. As to the Toff Plaintiffs, this Court found that the language at issue did not clearly and unmistakably delegate the issue of arbitrability to the arbitrator, and therefore this

1  Court decided that issue. Id. at 11. After finding that the parties agreed to apply Texas law, this
2  Court found that the Toff Plaintiffs' arbitration provision is neither procedurally unconscionable
3  nor substantively unconscionable under Texas law. Id. at 14-22. Consequently, this Court
4  "stay[ed] the litigation to permit the arbitrator(s) to arbitrate [the Toff Plaintiffs'] substantive
5  claims." Id. at 23.

The Plaintiffs subsequently filed a group arbitration demand with the AAA. ECF No. 40-1 ¶ 2. In response, the AAA advised the Plaintiffs that they were required to file individual arbitration demands in accordance with Rule R-4(a) of the AAA rules. ECF No. 40, Ex. D. That rule requires a claimant to initiate arbitration by filing a demand for arbitration, paying the filing fee, and submitting a copy of the applicable arbitration agreement. ECF No. 40, Ex. B. The AAA further informed the Plaintiffs that they could raise the consolidation issue with the appointed arbitrator after satisfying the filing requirements. Id. The AAA explained the consolidation process as follows:

> Unless all parties are in agreement to proceed on a consolidated basis, each arbitration will proceed on an individual basis. A party may present a request for consolidation to an arbitrator once appointed on any of the additional cases. . . . AAA will abide by any court order directing the administration of these cases to proceed in any particular manner. Additionally, the parties may agree to place these cases into abeyance while the issue of consolidation is addressed in a single arbitration.

ECF No. 40, Ex. F. The AAA has now placed the matter into abeyance to allow the Plaintiffs to seek a court order to consolidate the arbitration proceedings. ECF No. 40, Ex. G.

## II.   DISCUSSION

The Plaintiffs now seek an order consolidating their claims into a single arbitration. ECF No. 40. They argue that consolidation is appropriate because: (1) California law allows for consolidation of the Plaintiffs' claims into a single arbitration in these circumstances; (2) consolidation will promote judicial economy and avoid inconsistent results; and (3) the AAA rules do not provide a mechanism for consolidation. Id. The Court refuses to entertain these arguments because consolidation is a procedural question for the arbitrator.

Courts presumptively decide gateway questions of arbitrability, such as "whether the

parties have submitted a particular dispute to arbitration" and "whether the parties are bound by a given arbitration clause." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 8384 (2002). However, "[o]nce it is determined . . . that the parties are obligated to submit the subject matter of the dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons, Inc. v. Livingston, 84 S. Ct. 909, 918 (1964); accord Howsam, 537 U.S. at 84-85 (explaining that these procedural questions "are presumptively *not* for the judge, but for an arbitrator, to decide") (emphasis in original) (citing John Wiley, 84 S. Ct. at 909).

The availability of class arbitration is one such procedural question for the arbitrator to decide. See Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452-53 (2003). In Green Tree, the Supreme Court held that the availability of class arbitration under the parties' contracts, which were silent on the issue, was not a gateway question of arbitrability for the court to decide because it "concern[ed] neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties." Id. Rather, it was a procedural question concerning "what *kind of arbitration proceeding* the parties agreed to." Id. (emphasis in original). And the Court noted that "[a]rbitrators are well situated to answer that question because it "concerns contract interpretation and arbitration procedures." Id. The Court therefore committed the question of class arbitration to the arbitrator, not the court. Id.

Based on Howsam and Green Tree, the Ninth Circuit has held that consolidation is also a procedural issue for the arbitrator to decide. See Certain Underwriters at Lloyds v. Cravens Dargan & Co., 197 Fed. Appx. 645 at *2 (9th Cir. 2006) (affirming the district court's denial of the motion to compel arbitration under a consolidated procedure because it was "consistent with *Howsam*'s instruction that courts decide gateway issues, but leave procedural issues to the arbitrator") (citing Green Tree, 539 U.S. 444). Other federal appellate courts have reached the same conclusion. See Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co., 489 F.3d 580, 586–87 (3d Cir. 2007); Employers Ins. Co. of Wausau v. Century Indemnity Co., 443 F.3d 573, 577 (7th Cir. 2006) ("We find based on Howsam that the question of whether an arbitration agreement forbids consolidated arbitration is a procedural one, which the arbitrator

should resolve."); Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, 321 F.3d 251, 254 (1st Cir. 2003) ("The issue before us is who should make the determination as to whether to consolidate the three grievances into a single arbitration: the arbitrator or a federal court. Since each of the three grievances is itself concededly arbitrable, we think the answer is clear. Under [Howsam], this is a procedural matter for the arbitrator.").[1]

The Plaintiffs' invocation of California Code of Civil Procedure section 1281.3 does not compel a different result. It is true that "[p]rior to the Supreme Court's decision in *Green Tree,* California courts applied California statutes governing arbitration procedures to arbitrations covered by the FAA." Yuen v. Superior Court, 121 Cal. App. 4th 1133, 1137 (2004), as modified (Aug. 31, 2004). After Green Tree, however, California courts have similarly held that consolidation is a procedural issue for the arbitrator to decide—even where the party seeking consolidation relies on California Code of Civil Procedure section 1281.3. See id. at 1139 (vacating the lower court's order to consolidate arbitration proceedings pursuant to section 1281.3 because "*Green Tree* mandates that consolidation is [an arbitrable] issue").

Based on these principles, it is clear that this Court is precluded from deciding whether to consolidate the Plaintiffs' claims into a single arbitration. This Court has already determined that the parties agreed to arbitrate their disputes. See ECF No. 35. The Plaintiffs now seek an order consolidating their individual arbitrations, but this request involves a procedural question regarding the kind of arbitration proceedings the parties agreed to, and is therefore a question for the arbitrator. To the extent that Plaintiffs believe that their claims should be consolidated, each Plaintiff needs to individually file their claims with the AAA and then Plaintiffs can request consolidation per the AAA's rules.

/ / /

/ / /

/ / /

---

[1] There is, however, a circuit split on this issue. See Alternative Dispute Resolution Practice Guide § 15:19 (describing the circuit split).

**CONCLUSION**

Plaintiffs' Motion for Order to Consolidate Arbitrations is DENIED without prejudice to submitting the matter to the AAA.

IT IS SO ORDERED.

Dated:  December 21, 2016

_____
JON S. TIGAR
United States District Judge